UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

BYRON BAILEY, )
 )
    Plaintiff, ) Civil Action No. 12-CV-38-HRW
 )
V. )
 )
V. FERNANDEZ, ET AL., ) **MEMORANDUM OPINION**
 ) **AND ORDER**
    Defendants. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Byron Bailey is an inmate confined in the United States Penitentiary in Beaumont, Texas. Proceeding without counsel, Bailey has filed a civil rights complaint asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Bailey alleges that when he was confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky, the medical staff there failed to provide adequate treatment for his back pain. Bailey alleges that their conduct constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. [R. 1]

Because Bailey has been granted permission to pay the filing fee in installments and asserts claims against government officials, the Court screens his

complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court reviews his complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), and at this stage accepts his factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim unless its sets forth sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it is not enough to allege facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009). As explained below, the Court will dismiss the complaint without prejudice because it is clear from the complaint and its attachments that Bailey has not administratively exhausted his Eighth Amendment medical claims as required by federal law.

In his complaint [D. E. No. 1] and two supplemental filings [D. E. Nos. 9 and 10] Bailey states that he suffers from degenerative joint disease and a pinched nerve

2

in his neck and cervical upper back. He alleges that between December 2010 and June 2011, he experienced extreme pain in his neck and back, but that between February 15, 2011 and late May 2011 he was denied any medical treatment for his condition. Bailey states that on May 24, 2011, Nurse Practitioner "K" Bennett Baker examined him but failed to properly diagnose and treat his condition, incorrectly instructed him not to exercise, and prescribed two medications (Naproxen and Gabapentin) which were ineffective for his condition and had potentially dangerous side effects.

Bailey alleges that he asked Health Services Administrator "R." Jones to investigate his past requests for medical care and order the proper treatment, but that she refused to do so and instead verbally harassed him by using profane and racially offensive language. Specifically, Bailey alleges that Jones told him he was "... a f***ing black nuisance and was getting on there [sic] nerves and to just live with the pain." [D. E. No. 1, p. 2; D. E. No. 9, p. 2] Bailey claims that Jones and Bennett Baker were friends and that Jones was trying to protect Bennett Baker.

Bailey alleges that he tried to exhaust his administrative remedies three different times "... only to be blocked by conditions that forced my time limitations to expire." [*Id.*, p. 2] Bailey further claims that "... Administrative Remedy Coordinator Fernandez is there for the staff and not the inmate," and that by denying

3

his requests for administrative remedies, Fernandez was trying to help her "close personal friends," Jones and Bennett Baker. [*Id.*, p. 3]

Bailey submitted two administrative remedies. On June 1, 2011, he submitted a "Request for Administrative Remedy" (No. 642806-R1) to the BOP's Southeast Regional Office. [D. E. No. 1-1, pp. 9-11] Bailey alleged that between mid-February and mid-May 2011, he had received improper and inadequate medical care at the prison, and he requested $10,000 in damages and a transfer to a federal medical facility. [*Id.*] Although Bailey used standard the BP-229 form, entitled "Request for Administrative Remedy," he incorrectly submitted this remedy request to BOP's Regional Office instead of to the warden, and filed it with the wrong regional office in any event. [*Id.*, p. 10] The Regional Office rejected that remedy request and instructed Bailey to re-submit a remedy request directly to the warden. [*Id.*, p. 9]

On June 20, 2011, Bailey submitted a BP-9 "Request for Administrative Remedy" (No. 645436-FI) to the warden, alleging that between mid-February and mid-May 2011, he had received improper and inadequate medical care for his back problems. [*Id.*, p. 3] The Administrative Remedy Coordinator twice rejected that remedy request, first because Bailey had submitted it through the mail, *id.*, p. 2, and later because Bailey had not shown that he had sought an informal resolution prior to submitting his formal BP-9 remedy request. [*Id.*, p. 5] After Bailey provided

4

documentation showing that he had sought an informal resolution, the Administrative Remedy Coordinator denied the remedy request on July 18, 2011, because he had submitted it more than twenty days after the complained-of events. [*Id.*, p. 1]

In both his complaint and second supplemental filing [D. E. Nos. 1 and 10], Bailey states that the BOP denied a claim which he had submitted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. However, he makes no claim under the FTCA in his complaint or his second supplement. [D. E. No. 1, pp.1 -2; D. E. No. 10, p. 1] Bailey seeks $70,000.00 in damages to compensate him for his pain and suffering, and punitive damages of $1,000 per day from Defendant Fernandez as punishment for her denial of his administrative grievances. [*Id.*, p. 1-2]

## DISCUSSION

Bailey's Eighth Amendment claims regarding his medical care will be dismissed because it is clear from his complaint and its attachments that he did not exhaust his administrative remedies. Prisoners must "properly" exhaust any condition of confinement claims prior to filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). As the Administrative Remedy Coordinator correctly explained on July 18, 2011 [D. E. No. 1-1, p. 1], inmates must submit a request for a formal remedy (BP-9) within 20 days after the events giving rise to the complaint. 28 C.F.R. § 542.14(a).

In his complaint, Bailey alleges that the defendants began ignoring his medical complaints and denying him necessary medical treatment as far back as December 2010 and February 2011, but it was not until June 1, 2011, that he obtained an informal resolution on these medical issues [D. E. No. 1-1, p. 6] and submitted the first of his four requests seeking a formal remedy. [*Id.*, pp. 9-11] The date of June 1, 2011, was long after the alleged denial of medical treatment between February 2011 and May 2011 described in Bailey's complaint.

Bailey admits that the 20-day time limitation for exhausting his Eighth Amendment claims expired prior to his filing a BP-9 request for a formal remedy. [D. E. No. 9, p. 2] Bailey claims, however, that: (1) Administrative Remedy Coordinator Fernandez was allegedly more interested in assisting the prison staff than the inmates [*id.*]; and (2) Fernandez failed to explain that he needed to provide copies of his efforts to informally resolve his claims, and that had she advised him of that fact when she rejected his first formal remedy request, he would have been able to obtain the needed documentation and submit a timely BP-9 remedy request. [*Id.*]

Bailey's arguments fail for several reasons. First, Bailey does *not* allege that Fernandez either destroyed any remedy requests he submitted or denied him remedy forms when he requested them from her. He claims only that Fernandez was not as helpful to inmates as he thought she should be, and that she was friends with Jones

and Bennett Baker, but these allegations, even if true, do not excuse his failure to timely exhaust his medical claims. Second, the fact that Jones denied Bailey's various requests for administrative remedies, for *whatever* reason, does not subject her to constitutional liability, because the mere denial of grievances can not be the basis of a constitutional violation. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999); *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003).

Third, Bailey alleges that Jones failed to explain to him early in the administrative remedy process that he needed to submit documentation showing that he had sought an informal resolution of his claims. His argument lacks merit because by June 28, 2011 - the date on which Fernandez rejected his first remedy request in Remedy Request No. 645436 [D. E. No. 1-1, p. 3] - the twenty-day period for submitting a formal remedy request had already expired, so by that time, being told to submit documentation showing his informal resolution efforts would not have assisted him.

In Remedy Request No. 645436, Bailey complained about the allegedly non-existent and/or inadequate medical care he received between February 15, 2011 and May 13, 2011, and the allegedly improper medications prescribed during that time. [*Id.*] By his own admission Bailey first knew, or had reason to know, that he had received either non-existent or inadequate medical care as early as February 15, 2011.

7

Bailey did not, however, submit a formal remedy request until June 20, 2011, three months after the claim first accrued on February 15, 2011. A claim accrues on the date on which the plaintiff first knew of, or had reason to know of, the existence of his claim. *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007); *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Because Bailey should have filed his formal grievance, at the latest, within 20 days after February 15, 2012, any complaint regarding Fernandez's actions on June 28 or July 6, 2011, when she rejected his first and second grievances, is irrelevant, as the deadline for him to file a formal grievance had long since come and gone.

The same shortcoming applies to the second grievance Bailey filed on June 1, 2011. In Remedy Request No. 642806, he complained about the 3-month delay in receiving medical treatment between February 15, 2011 and May 2011, and the prison's alleged refusal to provide him with a double mattress for his back pain. [D. E. No. 1-1, p. 10] As before, Bailey did not submit this grievance until three months after the conduct about which he complains occurred on February 15, 2011.

Under these facts, it is clear from Bailey's complaint and its attachments that he did not fully and properly exhaust his Eighth Amendment medical claims in compliance with the procedures set forth in 28 C.F.R. § 542.10-.19. An inmate need not plead exhaustion in his complaint, *Jones v. Bock*, 549 U.S. 199, 214-15 (2007),

8

but district courts may still dismiss a complaint where failure to exhaust is apparent from the face of the complaint. *Newson v. Steele*, No. 09-10346, 2010 WL 3123295, at *4 (E.D. Mich. July 1, 2010); *White v. Warren*, No. 2:07cv12531, 2009 WL 276950, at *7 n.1 (E.D. Mich. Feb. 5, 2009). Bailey's Eighth Amendment medical claims will therefore be dismissed without prejudice for lack of administrative exhaustion.

Even if Bailey had demonstrated that he had fully exhausted his medical claims, it is unlikely that the Court would have ordered the defendants to respond because the claims fail under an Eighth Amendment analysis. To prevail on an Eighth Amendment claim alleging deliberate indifference, "the conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Furthermore, it is well settled that, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976)); *see Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("A medical decision not to order an X-ray, or like

9

measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court. . . .").

Here, Bailey either states or the record reveals that on February 15, 2011, the prison staff scheduled X-rays for him [D. E. No. 9, p. 1]; on March 7, 2011, the X-rays were taken. [D. E. No. 2, p. 2] Bailey was then prescribed several medications [D. E. No. 9, p. 2], although he claims that they were improper or ineffective. Between February 2011 and May 2011, the prison medical staff saw him four times [*Id.*]; he was examined and assessed on May 24, 2011 [D. E. No. 1-1, p. 10]; and on December 28, 2011, "K." Bennett Baker responded to Bailey's request for a refill of his Naproxen prescription, informing him that the prescription was good until late February. [D. E. No. 1-2, p. 3] These facts demonstrate that Bailey received ongoing medical attention, and they refute his claim that the defendants were deliberately indifferent to his serious medical needs. *See McCrary v. Patton*, No. 07-CV-52, 2008 WL 834367, at *5 (E.D. Ky. March 25, 2008) (where prisoner-plaintiff received ongoing medical attention despite his allegations otherwise, he did not assert an Eighth Amendment claim of deliberate indifference).

Because Bailey received continuing medical attention while confined in USP-McCreary, his complaint merely challenges the sufficiency of the medical treatment which he received. A difference of opinion between a prisoner and the

prison medical staff concerning medical treatment fails to state an Eighth Amendment claim. *Wilson v. Wilkinson*, 62 F. App'x 590, 592 (6th Cir. 2003); *Wooley v. Campbell*, 63 F. App'x 789, 790 (6th Cir. 2003); *Sharpe v. Patton*, No. 08-cv-58, 2010 WL 227702, at *10-11 (E.D. Ky. Jan. 19, 2010); *Rodriguez v. Lappin*, No. 08-347, 2009 WL 2969510, at *6 (E.D. Ky. Sept. 11, 2009); *Alexander v. Fed. Bureau of Prisons*, 227 F. Supp. 2d 657, 666 (E.D. Ky. 2002). In short, "[t]his is a classic case of a difference of opinion between a patient and his medical care provider." *Staples v. Dewalt*, No. 07-cv-385, 2009 WL 1505560, *6 (E.D. Ky. May 27, 2009). And, even if alternative procedures might have better addressed Bailey's particular medical needs, that fact alone does not show that the defendants were deliberately indifferent to his medical needs. *See Graham*, 358 F.3d. at 384.

Finally, Bailey claims that Health Services Administrator "R." Jones made a profane and racially derogatory comment to him on April 18, 2011. Accepting as true Bailey's description of Jones' alleged comment, it was unprofessional, disparaging, and unwarranted, but it does not rise to the level of an Eighth Amendment violation. Verbal abuse or harassment in the prison context, while not condoned, is not qualify the type of infliction of pain that the Eighth Amendment prohibits. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 2003 WL 22097827, at *3 (6th Cir. Sept.5, 2003).

11

Bailey's allegation of verbal abuse and harassment will be dismissed for failure to state an Eighth Amendment claim.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff Byron Bailey's Eighth Amendment medical claims are **DISMISSED WITHOUT PREJUDICE**.

2. Bailey's Eighth Amendment verbal abuse claims are **DISMISSED WITH PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This action is **STRICKEN** from the docket of the Court.

This 9th day of October, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge